UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CHERYL JAMES and SANDRA DENTON,

Plaintiffs,

v.

UMG RECORDINGS, INC.,

Defendant.

Case No. **1:25-cv-04182**

---

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF BY NON-PARTY JOSEPH ANTHONY REYNA**

Non-party **Joseph Anthony Reyna** respectfully moves this Court for leave to file the attached **Amicus Curiae Brief** in support of neither party. The proposed brief addresses structural issues relevant to this action, including digital attribution systems, metadata preservation, catalog-level manipulation, algorithmic visibility, and the vulnerability of evidence stored within modern streaming and platform architectures.

---

1

**1. Interest of Amicus**

Mr. Reyna is a creator, nonprofit director, and public-interest litigant engaged in multiple federal matters involving digital authorship, metadata suppression, catalog distortion, and algorithmic manipulation. His active cases include:

- **Reyna v. Spotify**, No. 1:25-cv-01023 (W.D. Tex.) (on appeal);

- **Reyna v. Universal Music Group N.V.**, No. 1:25-cv-06779 (S.D.N.Y.);

- **Reyna v. Graham**, No. 25-cv-6777 (S.D.N.Y.);

- **Reyna v. United States Agency for Global Media**, No. 25-cv-01707 (D.D.C.);

- **Reyna v. Apple Inc.**, No. 2:25-cv-01131 (E.D. Tex.); and

- **Reyna v. Live Nation Entertainment, Inc.**, No. 2:25-cv-01179 (E.D. Tex.).

Across these proceedings, Mr. Reyna has documented the intersections of metadata alteration, catalog removal, algorithmic downranking, and other mechanisms capable of reshaping the digital record in ways directly relevant to termination rights, catalog control, and alleged retaliatory conduct.

Multiple federal agencies—including the Environmental Protection Agency, IRS Whistleblower Office, and FinCEN—have formally recognized Mr. Reyna's public-interest status through

accepted submissions, fee waivers, and investigative intake, further establishing his relevance to issues involving transparency and systemic digital-evidence risk.

---

**2. Usefulness of Proposed Amicus Brief**

The proposed brief does **not** duplicate any party's position.
 Instead, it provides specialized context concerning:

1. The structure of digital attribution systems and how metadata modifications can obscure authorship, ownership, or catalog history;

2. The risk of inadvertent spoliation through automated platform updates, streaming-service optimizations, or bulk catalog modifications;

3. The mechanisms by which visibility, discoverability, and revenue allocation are algorithmically shaped; and

4. The need for robust preservation measures when litigation implicates platform-label interactions, catalog withdrawals, or digital-system interventions.

Courts routinely accept amicus submissions that offer "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062 (7th Cir. 1997).

---

3

**3. Procedural Posture**

No party will be prejudiced by permitting this filing.

The proposed brief is concise, raises no new claims, and is submitted solely to assist the Court in evaluating systemic issues embedded within modern catalog-management and authorship-attribution systems.

---

**WHEREFORE, non-party Joseph Anthony Reyna respectfully requests that the Court grant leave to file the attached Amicus Curiae Brief.**

Dated: December 4, 2025

/s/ **Joseph Anthony Reyna**

**Joseph Anthony Reyna**

Email: WhiteHat@JoeCattt.com

Non-Party Movant

4